# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

No. 909

O'ROURKE v. OHIO PUB. HEALTH ASS'N.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1341.    Decided Oct. 8, 1925

1140. SURETIES—Where there is a material change in his contract made without his consent or knowledge, especially where it works to his detriment, he is released.

BY THE COURT.

J. Clarence Sullivan, under the name of the Children's Playhouse, entered into a contract with the Ohio Public Health Association for the production and presentation of a certain pageant which was to be produced and presented under a certain written contract. The contract provided for a series of pageants to be presented between March 1921 and Jan. 1922, the proceeds of which were to be applied as stipulated in the contract.

The Health Association was to advance Sullivan $1500 to be returned out of the proceeds of said entertainment. Sullivan was to give a bond to guarantee the performance of the contract. In lieu of the bond, Sullivan procured bonds which were the property of Michael O'Rourke and these bonds were pledged for the performance of the contract. The Health Association knew at the time that the bonds were the property of O'Rourke.

The pageant was presented at a loss of $1030.62. Thereupon Sullivan and the Health Association made a new contract in which future pageants were to be presented on dates other than provided under the old contract, and there were also materially different provisions as to the division of the proceeds. More money was advanced and the parties proceeded under the new contract, the old one being abandoned.

O'Rourke brought suit in the Franklin Common Pleas against the Health Association charging conversion of the bonds. The court rendered judgment against O'Rourke and error was prosecuted to the Court of Appeals. O'Rourke claims that his bonds were released by reason of the new agreement made without his knowledge or consent. The Court of Appeals held:

1. O'Rourke's bonds were pledged as security for performance of the contract which included the return of $1500 advanced to Sullivan. The original contract was part of the pledge.

2. By the original contract, the advance of $1500 was made for a specific purpose and provision was made for the return thereof out of a certain share of the proceeds of various performances. It is a reasonable presumption that O'Rourke pledged his bonds upon faith of this contract, and the provision therein for the liquidation of the $1500 advanced to Sullivan; and it is reasonable to assume that O'Rourke would not have pledged his bonds except upon favorable terms provided for in the original contract.

3. O'Rourke's bonds stood in the attitude of a surety and he was therefore entitled to the benefit of full performance of the original contract.

4. The surety is favored in law and entitled to stand strictly upon his contract, and any material change therein, especially to the disadvantage of the surety, operates to discharge his contract.

5. It is urged that when the new contract was made, the old one had proved a losing venture and that the loss up to that time equaled the value of the bonds; but the original contract was not at an end and the surety had a right to the continuation of the contract according to its original terms.

6. O'Rourke, not being a party to the new agreement and having no knowledge thereof, his bonds would be discharged from the pledge.

Judgment reversed and cause remanded.

Attorneys—Randolph W. Walton and William S. Pealer for O'Rourke; Johnson, Sharp, Schooler & Toland for Association; all of Columbus.